Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Patricia Telles, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Commercial Recovery Systems, Inc.; | |
| Defendant. | (Jury Trial Demanded) |

## I.  Preliminary Statement

1.   Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2.   Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III.  PARTIES

3.    Plaintiff resides in Pinal County, Arizona.

4.    Plaintiff is a natural person allegedly obligated to pay a debt.

5.    Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6.    Defendant Commercial Recovery Systems, Inc. (hereinafter "CRS") is a Texas corporation doing business within the State of Arizona as a collection agency.

7.    CRS is licensed and bonded as a collection agency by the Arizona Department of Financial Affairs, license number 0905561.

8.    CRS collects or attempts to collect debts owed or asserted to be owed or due another.

9.    CRS is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV.  Factual Allegations

10.    In or about March 2006, Plaintiff purchased a vehicle from ABC Nissan in Phoenix, Arizona for family, personal or household purposes.

11.    ABC provided initial financing for Plaintiff's purchase through a Retail Installment Sales Contract ("RISC").

12.    ABC subsequently assigned the RISC to Nissan Motor Acceptance.

13.    Sometime later Plaintiff fell behind on her installment payments, and in 2008 Nissan repossessed the vehicle.

14.    After the repossession, Nissan claimed a balance still owing on Plaintiff's account.

15.    In or about late 2012 or early 2013, Nissan assigned Plaintiff's account

1    to CRS to collect.

2    16.   On or about January 15, 2013, Plaintiff received a call from a CRS

3          collector attempting to collect the Nissan account.

4    17.   Upon answering the call, the CRS collector asked Plaintiff to verify her

5          name and the last four digits of her social security number, which she

6          did.

7    18.   The collector, who was later identified as Mrs. Sharmen, told Plaintiff

8          that if she did not pay the debt, she would be filing a judgment against

9          her in court, freezing her bank account, garnishing her wages, and

10         taking her income tax return.

11   19.   During this same call, Sharmen told Plaintiff the amount owed on her

12         current car loan, and then told Plaintiff that she would be putting a lien

13         on her current vehicle so that when she was done paying her bank, she

14         would have a new lien on the car.

15   20.   Sharmen also told Plaintiff that she could make payment arrangements

16         to pay off the debt, and then asked Plaintiff for her bank account and

17         credit card information. When Plaintiff told Sharmen that she could not

18         afford to make payment arrangements, as she was a single mother with

19         four children, Sharmen said that she would mark the file as a refusal to

20         pay.

21   21.   During the call, Sharmen also told Plaintiff that she needed to get an

22         attorney because she owed this money and was going to be sued.

23   22.   At no time during the call did Sharmen identify herself, or give

24         Plaintiff the name of her employer.

25   23.   In addition, the caller ID on Plaintiff's phone showed only that the call

- 3 -

1    was from a blocked phone number.

2    24.    Worried that she was getting sued, but not knowing who was

3           threatening her, Plaintiff went on line and obtained a copy of a current

4           credit report.

5    25.    The credit report showed that a company by the name of "Commercial

6           Rcvy SYS" had accessed her credit report on January 8, 2013.

7    26.    Plaintiff found CRS's phone number and called on January 16, 2013.

8    27.    Initially, Plaintiff asked the receptionist whether this company was the

9           one who had called her the day before.

10   28.    Upon providing the receptionist with her full Social Security Number,

11          she was transferred to a collector named Mrs. Sandlin.

12   29.    Plaintiff asked Sandlin if she was the woman who had called the day

13          before, to which Sandlin stated that she was not, but that she was that

14          person's supervisor. Sandlin identified the previous caller as Mrs.

15          Sharmen.

16   30.    During her call with Sandlin, Plaintiff told Sandlin that Sharmen had

17          told her the day before that she was being sued and served with papers

18          if she did not make payment arraignments, and that they she was going

19          to take her tax refund.

20   31.    Sandlin told Plaintiff that what Sharmen had told her was correct,

21          implying that Plaintiff was going to be sued, and that her tax refund

22          would be taken, and that Plaintiff should get an attorney.

23   32.    Sandlin then asked is she was going to make payment arrangements.

24   33.    When Plaintiff explained that she could not agree to a payment

25          arrangement and did not want to give Sandlin more information,

- 4 -

1    Sandlin asked Plaintiff if she had an attorney to represent her in the

2    lawsuit.

3   34.   Because of the harassing and threatening nature of Sandlin's

4    comments, Plaintiff finally terminated the call.

5   35.   However, immediately upon hanging up with Sandlin, Plaintiff

6    received another call from a blocked number.

7   36.   Upon answer the call, a man yelled at Plaintiff "DO YOU HAVE AN

8    ATTORNEY!?"

9   37.   When Plaintiff asked who was calling, the man emphatically stated

10    "you owe us money!"

11   38.   When Plaintiff asked again who he was, the man stated that he was

12    calling from Commercial Recovery Systems, but he refused to give his

13    name.

14   39.   When Plaintiff asked why he was calling, the man rudely stated that

15    Plaintiff needed to tell him if she had a lawyer, at which time Plaintiff

16    hung up.

17   40.   The Nissan debt, if anything is owed, is stale and beyond the applicable

18    statute of limitations under Arizona law.

19   41.   CRS's threats to file a lawsuit, take a judgment against plaintiff,

20    garnish her wages, take her tax return, and place a lien on her current

21    vehicle are all false, and CRS's collectors knew these threats were false

22    when they were made.

23   42.   As a result and proximate cause of Defendant's actions, Plaintiff has

24    suffered actual damages, including, but not limited to, anxiety, worry,

25    sleeplessness, upset stomach, and other emotional distress.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

43.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

44.   Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d(6), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), and 1692g.

45.   As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)    Actual damages under the FDCPA;

b)    Statutory damages under the FDCPA;

c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)    Such other relief as may be just and proper.

DATED  March 5, 2013  .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

- 6 -